1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NUNZIATINA PAOLINI, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>KANDI TECHNOLOGIES GROUP, INC., XIAOMING HU, XIAOYING ZHU, CHENG WANG, and BING MEI,<br><br>        Defendants. | Case No. 17-cv-2025<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Nunziatina Paolini ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through her attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings,

– 1 –

wire and press releases published by and regarding Kandi Technologies Group, Inc. ("Kandi" or the "Company"), and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants who purchased or otherwise acquired the publicly traded securities of Kandi from March 16, 2015 through March 13, 2017, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

3.      This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the Exchange Act (15 U.S.C. §78aa).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as the alleged misstatements entered into this judicial district.

5.      In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

## PARTIES

6.    Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased Kandi securities at artificially inflated prices during the Class Period and was economically damaged thereby.

7.    Defendant Kandi, through its subsidiaries, designs, produces, manufactures, and distributes electric vehicles (EVs) products, EV parts, and off-road vehicles in the People's Republic of China and internationally. Kandi is incorporated in Delaware and maintains its principal executive offices at Jinhua, Zhejiang Province, People's Republic of China. Kandi securities trade on the NASDAQ Global Select Market ("NASDAQ") under the ticker "KNDI."

8.    Defendant Xiaoming Hu ("Hu") has been the Company's Chief Executive Officer, President and Chairman of the Board throughout the Class Period.

9.    Defendant Xiaoying Zhu ("Zhu") was the Company's Chief Financial Officer ("CFO") from June 2007 until her resignation on April 30, 2015.

10.    Defendant Cheng Wang ("Wang") was the Company's CFO from May 1, 2015 until his resignation on November 14, 2016.

11.    Defendant Bing Mei ("Mei") has been the Company's CFO since November 14, 2016.

12.    Defendants Hu, Zhu, Wang and Mei are collectively referred to herein as the "Individual Defendants."

13.    Each of the Individual Defendants:

    a.    directly participated in the management of the Company;

    b.    was directly involved in the day-to-day operations of the Company at the highest levels;

    c.    was privy to confidential proprietary information concerning the Company and its business and operations;

– 3 –

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

d.      was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

e.      was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

f.      was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

g.      approved or ratified these statements in violation of the federal securities laws.

14.    Kandi is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

15.    The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to Kandi under *respondeat superior* and agency principles.

16.    Defendants Kandi and Individual Defendants are collectively referred to herein as "Defendants."

### **SUBSTANTIVE ALLEGATIONS**

**Materially False and Misleading Statements Issued During the Class Period**

17.    On March 16, 2015, the Company filed a Form 10-K for the fiscal year ended December 31, 2014 (the "2014 10-K") with the SEC. The 2014 10-K was signed by Defendants Hu and Zhu. Attached to the 2014 10-K were certifications pursuant to the Sarbanes Oxley Act of 2002 ("SOX") signed by Defendants Hu and Zhu attesting to the accuracy of the financial statements, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure all fraud was disclosed.

– 4 –

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

18.    The 2014 10-K discussed the Company's internal controls over financial reporting, stating in relevant part:

> Management conducted an assessment of the effectiveness of our system of internal control over financial reporting as of December 31, 2014, the last day of our fiscal year. This assessment was based on criteria established in the framework Internal Control—Integrated Framework (2013), issued by the Committee of Sponsoring Organizations of the Treadway Commission ("COSO") and included an evaluation of elements such as the design and operating effectiveness of key financial reporting controls, process documentation, accounting policies, and our overall control environment. ***Based on management's evaluation under the 2013 COSO framework, management concluded that the Company's internal controls over financial reporting were effective as of December 31, 2014.***

(Emphasis added).

19.    On March 14, 2016, the Company filed a Form 10-K for the fiscal year ended December 31, 2015 (the "2015 10-K") with the SEC. The 2015 10-K was signed by Defendants Hu and Wang. Attached to the 2015 10-K were signed SOX certifications signed by Defendants Hu and Wang attesting to the accuracy of the financial statements, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure all fraud was disclosed.

20.    The 2015 10-K discussed the Company's internal controls over financial reporting, stating in relevant part:

> Management conducted an assessment of the effectiveness of our system of internal control over financial reporting as of December 31, 2015, the last day of our fiscal year. This assessment was based on criteria established in the framework Internal Control—Integrated Framework (2013), issued by the Committee of Sponsoring Organizations of the Treadway Commission ("COSO") and included an evaluation of elements such as the design and operating effectiveness of key financial reporting controls, process documentation, accounting policies, and our overall control

– 5 –

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

environment. ***Based on management's evaluation under the 2013 COSO framework, management concluded that the Company's internal controls over financial reporting were effective as of December 31, 2015.***

(Emphasis added).

21.    On May 10, 2016, the Company filed a Form 10-Q for the quarterly period ended March 31, 2016 (the "1Q16 10-Q") with the SEC. The 1Q16 10-Q was signed by Defendants Hu and Wang. Attached to the 1Q16 10-Q were signed SOX certifications by Defendants Hu and Wang attesting to the accuracy of the financial statements, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure all fraud was disclosed.

22.    The 1Q16 10-Q discussed the Company's internal controls over financial reporting, stating in relevant part:

**Changes in Internal Control over Financial Reporting**

There was no change to our internal control over financial reporting (as defined in Rules 13a-15(f) and 15d-15(f) under the Exchange Act) that occurred during the period covered by this report that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting.

23.    On August 9, 2016 the Company filed a Form 10-Q for the quarterly period ended June 30, 2016 (the "2Q16 10-Q") with the SEC. The 2Q16 10-Q was signed by Defendants Hu and Zhu. Attached to the 2Q16 10-Q were SOX certifications signed by Defendants Hu and Zhu attesting to the accuracy of the financial statements, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure all fraud was disclosed.

24.    The 2Q16 10-Q discussed the Company's internal controls over financial reporting, stating in relevant part:

**Changes in Internal Control over Financial Reporting**

– 6 –

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

> There was no change to our internal control over financial reporting (as defined in Rules 13a-15(f) and 15d-15(f) under the Exchange Act) that occurred during the period covered by this report that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting.

25.     On November 9, 2016 the Company filed a Form 10-Q for the quarterly period ended September 30, 2016 (the "3Q16 10-Q") with the SEC. The 3Q16 10-Q was signed by Defendants Hu and Zhu. Attached to the 3Q16 10-Q were SOX certifications signed by Defendants Hu and Zhu attesting to the accuracy of the financial statements, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure all fraud was disclosed.

26.     The 3Q16 10-Q discussed the Company's internal controls over financial reporting, stating in relevant part:

> **Changes in Internal Control over Financial Reporting**
>
> There was no change in our internal control over financial reporting (as defined in Rules 13a-15(f) and 15d-15(f) under the Exchange Act) that occurred during the period covered by this report that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting.

27.     The statements contained in ¶¶ 17-26 were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) certain areas in the Company's previously issued financial statements for the years ended December 31, 2015 and 2014, and the first three quarters for the year ended December 31, 2016 required adjustment; (2) in turn, the Company lacked effective controls over financial reporting; and (3) as a result, Defendants' statements about

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

1   the Company's business, operations, and prospects, were materially false and

2   misleading and/or lacked a reasonable basis at all relevant times.

3                              **The Truth Emerges**

4        28.   On November 14, 2016, the Company announced the abrupt

5   resignation of Defendant Wang as the CFO.

6        29.   On this news, shares of Kandi fell $0.40 per share or over 10% from

7   its previous closing price to close at $3.50 per share on November 14, 2016,

8   damaging investors.

9        30.   On March 13, 2017, the Company filed a Form 8-K with the SEC

10  revealing that its previously issued financial statements for the years ended

11  December 31, 2015 and 2014, and the first three quarters for the year ended

12  December 31, 2016 will need to be restated, stating in relevant part:

13      **Item 4.02       Non-Reliance on Previously Issued Financial**
        **Statements or a Related Audit Report or Completed Interim**
14      **Review.**

15

16      (a)     During the course of Kandi Technologies Group, Inc.'s (the
        "Company") preparation of its Annual Report on Form 10-K for the
17      year ended December 31, 2016, and during preparation of responses to
        comments from the staff of the Securities and Exchange Commission
18      ("SEC"), Division of Corporate Finance, *the Company's management*
        *identified certain areas in the Company's previously issued financial*
19      *statements for the years ended December 31, 2015 and 2014, and the*
        *first three quarters for the year ended December 31, 2016 (the*
20      *"Previously Issued Financial Statements"), that require adjustment*
        *as described below and in more detail in the Company's annual report*
21      *on Form 10-K/A for the fiscal year ended December 31, 2015 ("Form*
        *10-K/A"), to be filed with the SEC. As a result, on March 7, 2017, the*
22      *board of directors (the "Board") of the Company, based on the*
        *recommendation of the Company's audit committee, and in*
23      *consultation with management, concluded that the Company's*
        *Previously Issued Financial Statements should no longer be relied*
24      *upon. The Company will, in the Form 10-K/A, restate the Previously*
        *Issued Financial Statements, which restatement will include separate*
25      *audited financial statements for the JV Company (the*
26

27

28

                                   – 8 –

*"Restatements").* The Restatements will have no effect on the net income of the Company as reported in the Previously Issued Financial Statements. The Company will endeavor to file its Annual Report on Form 10-K for the fiscal year ended December 31, 2016, pursuant to SEC's rules (including timing guidelines), and will file the Form 10-K/A as soon as practicably possible.

The Restatements will include separate audited financial statements for the Company's equity investment in the JV Company, corrections to the classification of notes receivable and notes payable in the Company's statements of cash flow, revisions in the Company's financial statement presentation to separately identify certain related party accounts on the face of the Balance Sheets and the Consolidated Statements of Income (Loss) and Comprehensive Income (Loss), certain amendments to Note 20 – Taxes of the Notes to the Company's Consolidated Financial Statements, the adjustment of previously recorded construction-in-progress back to prepayment in Note 16 - Construction-in-Progress of the Notes to the Company's Consolidated Financial Statements, expansions of two tables of sales to and purchases from the JV Company in Note 24 - Summarized Information of Investment in the JV Company of the Notes to the Company's Consolidated Financial Statements from two years to three years, and the removal of "unaudited" labels from certain tables in Note 20 - Taxes of the Notes to the Company's Consolidated Financial Statements.

The Company will also amend its unaudited quarterly data for the first three quarters ended December 31, 2016, as set forth in its upcoming Annual Report on Form 10-K for the year ended December 31, 2016. The Company has not filed and does not intend to file amendments to its Quarterly Reports on Form 10-Q for the quarterly periods affected. Accordingly, investors should no longer rely upon the Company's previously released financial statements for those periods or any earnings releases or other communications relating to those periods. The Company's Quarterly Reports on Form 10-Q for fiscal year 2017 will include restated results for the corresponding interim periods of fiscal year 2016.

In addition, in conjunction with the Restatements, the Company is reassessing its internal controls over its financial reporting and compliance programs. The result of this reassessment could lead the

– 9 –

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Company to conclude that there were deficiencies in its internal controls over financial reporting that constitute material weaknesses and could therefore affect its conclusions regarding effectiveness as previously expressed in Item 9A, Controls and Procedures, of the Company's Annual Report on Form 10-K for the year ended December 31, 2015. Accordingly, management's report on internal controls over financial reporting as of December 31, 2015, and the associated report of AWC (CPA) Limited, the Company's former principal accountant ("AWC"), should no longer be relied upon. The Public Company Accounting Oversight Board revoked the registration of AWC on May 18, 2016. The Company dismissed AWC and engaged BDO China Shu Lun Pan Certified Public Accountants LLP ("BDO China") as its new independent registered public accounting firm on April 12, 2016, as previously reported. The Company is committed to maintaining an effective control environment and making all necessary changes to enhance control effectiveness.

The chair of the Company's audit committee, on behalf of the audit committee, and the management have discussed the matters disclosed in this Item 4.02(a) of this Current Report on Form 8-K with BDO China.

(Emphasis added).

31.    On this news, shares of Kandi fell $0.30 per share or approximately 6% from its previous closing price to close at $4.05 per share on March 14, 2017, further damaging investors.

32.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

33.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than defendants who acquired Kandi securities publicly traded on NASDAQ during the Class Period and who were damaged thereby (the "Class"). Excluded from the

– 10 –

1    Class are Defendants, the officers and directors of Kandi, members of the Individual

2    Defendants' immediate families and their legal representatives, heirs, successors or

3    assigns and any entity in which Officer or Director Defendants have or had a

4    controlling interest.

5         34.    The members of the Class are so numerous that joinder of all members

6    is impracticable. Throughout the Class Period, Kandi securities were actively traded

7    on NASDAQ. While the exact number of Class members is unknown to Plaintiff at

8    this time and can be ascertained only through appropriate discovery, Plaintiff

9    believes that there are hundreds, if not thousands of members in the proposed Class.

10        35.    Plaintiff's claims are typical of the claims of the members of the Class

11   as all members of the Class are similarly affected by defendants' wrongful conduct

12   in violation of federal law that is complained of herein.

13        36.    Plaintiff will fairly and adequately protect the interests of the members

14   of the Class and has retained counsel competent and experienced in class and

15   securities litigation. Plaintiff has no interests antagonistic to or in conflict with those

16   of the Class.

17        37.    Common questions of law and fact exist as to all members of the Class

18   and predominate over any questions solely affecting individual members of the

19   Class. Among the questions of law and fact common to the Class are:

20            a.    whether the Exchange Act was violated by Defendants' acts as

21                 alleged herein;

22            b.    whether statements made by Defendants to the investing public

23                 during the Class Period misrepresented material facts about the

24                 financial condition and business Kandi;

25            c.    whether Defendants' public statements to the investing public

26                 during the Class Period omitted material facts necessary to make

27                 the statements made, in light of the circumstances under which

28                 they were made, not misleading;

– 11 –

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS

1

   d.  whether the Defendants caused the Company to issue false and

2

      misleading SEC filings during the Class Period;

3

   e.  whether Defendants acted knowingly or recklessly in issuing

4

      false and SEC filing

5

   f.  whether the prices of Kandi's securities during the Class Period

6

      were artificially inflated because of the Defendants' conduct

7

      complained of herein; and

8

   g.  whether the members of the Class have sustained damages and,

9

      if so, what is the proper measure of damages.

10

  38.  A class action is superior to all other available methods for the fair and

11

efficient adjudication of this controversy since joinder of all members is

12

impracticable. Furthermore, as the damages suffered by individual Class members

13

may be relatively small, the expense and burden of individual litigation make it

14

impossible for members of the Class to individually redress the wrongs done to

15

them. There will be no difficulty in the management of this action as a class action.

16

  39.  Plaintiff will rely, in part, upon the presumption of reliance established

17

by the fraud-on-the-market doctrine in that:

18

   a.  Kandi securities met the requirements for listing, and were listed

19

      and actively traded on NASDAQ, a highly efficient and

20

      automated market;

21

   b.  As a public issuer, the Company filed periodic public reports

22

      with the SEC and NASDAQ;

23

   c.  The Company regularly communicated with public investors via

24

      established market communication mechanisms, including

25

      through the regular dissemination of press releases via major

26

      newswire services and through other wide-ranging public

27

      disclosures, such as communications with the financial press

28

      and other similar reporting services; and

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS

d.      The Company was followed by a number of securities analysts employed by major brokerage firms who wrote reports that were widely distributed and publicly available.

40.      Based on the foregoing, the market for Kandi securities promptly digested current information regarding the Company from all publicly available sources and reflected such information in the prices of the shares, and Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

41.      Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information as detailed above.

## COUNT I

### For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder Against All Defendants

42.      Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

43.      This Count is asserted against Defendants is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

44.      During the Class Period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

45.     Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they: employed devices, schemes and artifices to defraud; made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Kandi securities during the Class Period.

46.     Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of Kandi, their control over, and/or receipt and/or modification of the Company's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning the Company, participated in the fraudulent scheme alleged herein.

47.     Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other Company personnel to members of the investing public, including Plaintiff and the Class.

48.     As a result of the foregoing, the market price of Kandi securities was artificially inflated during the Class Period. In ignorance of the falsity of Defendants' statements, Plaintiff and the other members of the Class relied on the

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

1  statements described above and/or the integrity of the market price of Kandi

2  securities during the Class Period in purchasing Kandi securities at prices that were

3  artificially inflated as a result of Defendants' false and misleading statements.

4       49.    Had Plaintiff and the other members of the Class been aware that the

5  market price of Kandi securities had been artificially and falsely inflated by

6  Defendants' misleading statements and by the material adverse information which

7  Defendants did not disclose, they would not have purchased Kandi securities at the

8  artificially inflated prices that they did, or at all.

9       50.    As a result of the wrongful conduct alleged herein, Plaintiff and other

10  members of the Class have suffered damages in an amount to be established at trial.

11       51.    By reason of the foregoing, Defendants have violated Section 10(b) of

12  the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the plaintiff

13  and the other members of the Class for substantial damages which they suffered in

14  connection with their purchase of Kandi securities during the Class Period.

## COUNT II

### Violations of Section 20(a) of the Exchange Act Against the Individual Defendants

18       52.    Plaintiff repeats and realleges each and every allegation contained in

19  the foregoing paragraphs as if fully set forth herein.

20       53.    During the Class Period, the Individual Defendants participated in the

21  operation and management of the Company, and conducted and participated,

22  directly and indirectly, in the conduct of the Company's business affairs. Because

23  of their senior positions, they knew the adverse non-public information about

24  Kandi's misstatement of revenue and profit and false financial statements.

25       54.    As officers and/or directors of a publicly owned company, the

26  Individual Defendants had a duty to disseminate accurate and truthful information

27  with respect to the Company's financial condition and results of operations, and to

28

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

correct promptly any public statements issued by the Company which had become materially false or misleading.

55.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which the Company disseminated in the marketplace during the Class Period concerning the Company's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause the Company to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of the Company within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Kandi securities.

56.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by The Company.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for judgment and relief as follows:

(a)     declaring this action to be a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating plaintiff's counsel as Lead Counsel;

(b)     awarding damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

(c)     awarding plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)     awarding plaintiff and other members of the Class such other and further relief as the Court may deem just and proper.

– 16 –
CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: March 14, 2017                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS